THOMAS VERNON ET AL., PLAINTIFFS IN ERROR, v. BRUNSON ET AL, EXECUTORS OF JER. R. VAN DEVENTER, DECEASED, DEFENDANTS IN ERROR.

1. If, under the statute of New York regulating the formation of limited partnerships, the special partner pays in unconditionally the sum specified, and at the same time the certificate is duly signed and sworn to, and then the moneys so contributed are paid away for the purposes of the firm, and after that, on the same day, the certificate is duly filed— *Held*, that thereby a limited copartnership is legally constituted, it appearing that the transaction was *bona fide*.

2. It is not necessary that the contributed capital should be in hand at the time of the filing of the certificate.

On error to the Supreme Court.

For the plaintiffs in error, *William Brinkerhoff*

For the defendants in error, *Richard V. Lindabury.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The essential facts in this case were these, viz. : There was a New York firm, composed of three persons, Loomis, Knight and Potter ; the latter retired, and the deceased, Van Deventer, agreed to form, with the two former, a limited copartnership, to the capital of which he was to contribute the sum of $30,000. On the morning of the 7th of September, 1888, the parties met at Plainfield, in this state, where Van Deventer paid to Loomis $30,000, whereupon Loomis, Knight and Van Deventer signed the formal certificate of limited copartnership, and Loomis then signed the affidavit required by the statute of New York. This having been done, the new firm thus having been constituted, at once proceeded to apply the sum of $30,000 so put in by Van Deventer to the purchase of the property and interest of the retired partner, Potter, in the old firm. The certificate of the limited copartnership was then immediately taken to New York, and was there duly filed at about half-past twelve the same day.

At the trial the jury found that the transaction embracing the formation of the limited partnership was in all respects *bona fide,* and that the $30,000 was paid by Van Deventer in cash into the new firm as common stock, and that such payment was unconditioned with respect to its application.

In this posture of the facts the counsel of the plaintiffs requested the trial judge to instruct the jury that, inasmuch as the $30,000 had been parted with before the filing of the certificate in the office in New York, that by force of the statute of that state Van Deventer became a member of a general and not of a limited copartnership, and thereby became liable for all the debts of the new firm, and that as the plaintiffs were creditors of such firm he was entitled to recover.

The court refused to comply with this request, and in so doing, in the opinion of this court, the legal course was taken.

The proposition of the plaintiffs' counsel was this : That if two or more persons agree, within the jurisdiction of the laws of New York, to become members of a limited copartnership

and accordingly execute the certificate properly verified to that effect, and then pay in the designated capital, that this entire proceeding is nugatory unless the capital so provided remain in the form of capital unexpended at the time of the subsequent filing of the certificate. In other words, the new company could expend the contributed capital, for partnership purposes, immediately after filing the certificate, but they could not do such act immediately before such filing. If such principle existed, it would be a pure technicality; for it is not perceived in what respect it would be a benefit to creditors, nor is it pretended in this case that the plaintiff has been injuriously affected by the course which was pursued by this new firm. The jury has settled conclusively that the entire transaction was an honest one.

The legal inquiry thus mooted relates to the meaning and proper construction of the statute of New York which regulates the formation of these limited partnerships, and we think that the courts of that state have indicated quite clearly that the act in question does not have the efficacy here claimed for it by the counsel of the defence. The view thus expressed, of course, entirely dispenses this court from further considering the subject. The decisions referred to are those of the *Metropolitan Bank of New York* v. *Sirret*, 97 *N. Y.* 320; *President, &c., of Manhattan Co.* v. *Phillips*, 109 *Id.* 383; *Metropolitan National Bank* v. *Palmer*, 39 *N. Y. St. Reporter* 509.

Let the judgment be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, GARRISON, REED, VAN SYCKEL, WERTS, BOGERT, BROWN, CLEMENT, SMITH, WHITAKER. 11.

*For reversal*—NONE.